Canty v. Day

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
                        <u>Circuit Judges</u>,
         GREGORY H. WOODS,[*]
                        <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X

THOMAS CANTY, derivatively on behalf
of Lululemon Athletica, Inc.,
        <u>Plaintiff-Appellant</u>,

        -v.-                                        14-1631

CHRISTINE McCORMICK DAY, DENNIS J.
WILSON, JOHN E. CURRIE, SHEREE
WATERSON, MARTHA A.M. MORFITT, MICHAEL
CASEY, ROBERT BENSOUSSAN, ROANN
COSTIN, WILLIAM GLENN, RHODA M.

---

[*] Judge Gregory H. Woods, of the United States District Court for the Southern District of New York, sitting by designation.

1

**PITCHER, THOMAS G. STEMBERG, JERRY STRITZKE, EMILY WHITE,**
          **Defendants-Appellees,**

**LULULEMON ATHLETICA, INC.,**
          **Nominal Defendant-Appellee.**
- - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | BRETT D. STECKER (<u>with</u> Jeffrey J. Ciarlanto, Christopher L. Nelson, <u>on the brief</u>), The Weiser Law Firm, P.C., Berwyn, Pennsylvania. |
| **FOR APPELLEES DAY, CURRIE, WATERSON, MORFITT, CASEY, BOUNSOUSSAN, COSTIN, GLENN, PITCHER, STEMBERG, STRITZKE, and WHITE, and NOMINAL DEFENDANT-APPELLEE:** | STEPHEN A. RADIN (<u>with</u> Joseph S. Allerhand, Layne S.R. Behrens, Robert S. Ruff III, <u>on the brief</u>), Weil, Gotshal & Manges LLP, New York, New York. |
| **FOR APPELLEE WILSON:** | Audra Soloway, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Thomas Canty appeals from the judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>), dismissing his complaint for failure to satisfy the requirements of Federal Rule of Civil Procedure 23.1(b)(3). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Canty filed a derivative action nominally on behalf of Lululemon Athletica, Inc. ("Lululemon"), against several of its officers and directors. The complaint, <u>inter alia</u>, alleged that the directors learned before the public did that Christine McCormick Day was resigning as CEO, and that

in the interval of one business day, while the resignation was inside information, then-Chairman Dennis J. Wilson sold a large bloc of his stake in the company. The district court granted the defendants' motion to dismiss for failure to adequately plead either that Canty had made a demand on the Board of Directors or that demand was excused. Fed. R. Civ. P. 23.1. On appeal, Canty contends that his complaint adequately alleged that demand was excused by reason of futility.

We have stated that "[w]here 'determination of the sufficiency of allegations of futility depends on the circumstances of the individual case, the standard of review for dismissals based on Fed. R. Civ. P. 23.1 is abuse of discretion.'" Halebian v. Berv, 590 F.3d 195, 203 (2d Cir. 2009) (quoting Scalisi v. Fund Asset Mgmt., L.P., 380 F.3d 133, 137 (2d Cir. 2004)). However, in review of legal conclusions and the application of legal precepts to the allegations of futility, "plenary review of the district court's choice and interpretation of those legal precepts is appropriate." Scalisi, 380 F.3d at 137. We need not, and do not, address whether an abuse of discretion standard is appropriate for dismissals based on the sufficiency of the allegations of futility, because our decision would be the same under de novo review. See id. at 137 n.6.

Rule 23.1 bars a derivative suit against a corporation without a prior demand that the Board of Directors take remedial action. Fed. R. Civ. P. 23.1(b)(3)(A). The plaintiff can avoid this prerequisite only by pleading "with particularity" his "reasons for . . . not making the effort." Id. R. 23.1(b)(3)(B); see Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 101-02 (1991). When a plaintiff opts to plead demand futility instead of making a demand, "[t]he substantive law which determines whether demand is, in fact, futile is provided by the state of incorporation of the entity on whose behalf the plaintiff is seeking relief." Scalisi, 380 F.3d at 138. The relevant law is that of Delaware, the state in which Lululemon is incorporated.

Under Delaware law, demand futility requires a plaintiff to "allege with particularity that a majority of the board lacks independence or is otherwise incapable of validly exercising its business judgment." Blaustein v. Lord Baltimore Capital Corp., 84 A.3d 954, 958 (Del. 2014). Those allegations must include "facts specific to each director" to show that the director "could not have

3

exercised disinterested business judgment in responding to a demand." Desimone v. Barrows, 924 A.2d 908, 943 (Del. Ch. 2007) (emphasis omitted). Satisfaction of these "stringent requirements of factual particularity" is intended to be "a difficult feat." Ryan v. Gifford, 918 A.2d 341, 352 n.23 (Del. Ch. 2007).

A plaintiff can plead such futility "by alleging that the Board was disabled because of a substantial risk of personal liability." Wood v. Baum, 953 A.2d 136, 141 (Del. 2008). However, "the mere threat of personal liability . . . is insufficient"; rather, "a reasonable doubt that a majority of shareholders is incapable of considering demand should only be found where 'a substantial likelihood of personal liability exists.'" Id. at 141 n.11 (quoting Aronson v. Lewis, 473 A.2d 805, 814 (Del. 1984), overruled on other grounds by Brehm v. Eisner, 746 A.2d 244 (Del. 2000)).

Canty's allegations of demand futility fall short of Delaware's stringent requirements. Some of the futility allegations take aim at the directors of the Audit Committee, which generally oversees related-party transactions and public disclosures. Canty argues that his litigation exposes those directors to personal liability because they intentionally facilitated Wilson's alleged insider trading. However, Canty does not allege any specific actions or omissions by the Audit Committee members that give rise to a *reasonable* inference that the Audit Committee did so. Nor has Canty made any other specific allegations that demonstrate a substantial likelihood of personal liability as to the Audit Committee. Accordingly, demand cannot be excused on the basis of his allegations regarding the Audit Committee.

Another allegation of demand futility is that the Board is beholden to Wilson and thus cannot act independently. The complaint cites Lululemon's 2012 10-K, which concedes that Wilson owns a large amount of stock and therefore "is able to exercise significant influence." Although this allegation demonstrates that Wilson has an outsize role at Lululemon, it does not justify an inference that the Board is incapable of exercising its independent business judgment.

4

The other principal arguments that Canty makes on appeal are specific to Wilson[1] or Day, as to whom futility is immaterial in light of the capacity of the rest of the eleven-member Board to independently consider a demand.

For the foregoing reasons, and finding no merit in Canty's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Since the commencement of Canty's suit, Wilson has left his position on the Board of Directors. This change does not affect our analysis, because a change in board composition after the filing of the complaint "does not require a derivative plaintiff to present a demand to the new board, or to allege facts that would excuse demand as of the time a plaintiff elects to amend his pleadings." Harris v. Carter, 582 A.2d 222, 231 (Del. Ch. 1990).